UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PERRY SPRIGGS | CIVIL ACTION |
| VERSUS | NO. 24-741 |
| UNITED STATES OF AMERICA | SECTION M (5) |

### ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant the United States of America (the "Government").[1] Plaintiff Perry Spriggs responds in opposition,[2] and the Government replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons, granting the motion because Spriggs has not proved that the United States Postal Service ("USPS") actually received his tort claim in writing.

**I.   BACKGROUND**

This case involves a tort claim brought against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  Spriggs alleges that on March 23, 2022, when he was riding his bicycle on Calliope Street in New Orleans, Louisiana, he was struck by a vehicle operated by a mail carrier who was acting in the course and scope of his employment with the

---

[1] R. Doc. 11.
[2] R. Doc. 12.
[3] R. Doc. 13.

USPS.[4]  On March 22, 2024, Spriggs filed the instant tort suit against the Government under the FTCA, seeking damages for the injuries he allegedly sustained in the 2022 accident.[5]

## II.  PENDING MOTION

The Government filed the subject motion to dismiss, arguing that this Court lacks subject-matter jurisdiction over Spriggs's FTCA claim because the USPS never received his Standard Form 95 ("SF-95") or other written notification of his claim.[6]  After receiving the complaint commencing this suit, the Government's counsel informed Spriggs's counsel that the USPS has no record of having received an SF-95 or other written notice of Spriggs's claim sufficient to enable an investigation and determine the value of the claim, as is required by the FTCA.[7]  According to the Government, Spriggs's counsel then provided to its counsel documentation purportedly showing that on March 23, 2023, Spriggs's counsel sent to the USPS, attention Tara D. Lennix, a "successful" facsimile transmission containing a signed SF-95 and Spriggs's medical records.[8]  At the time the fax was sent, Lennix shared the fax machine with five or six other USPS employees and there was a designated tray near the machine for each employee's messages.[9]  Lennix's co-workers would place fax transmissions addressed to her in her tray or on her desk.[10]  Lennix did not personally receive the March 23, 2023 fax and she searched the USPS's database, but did not find any evidence that anyone else at the USPS ever received it.[11]  However, she had received a letter of representation from Spriggs's counsel back on April 5, 2022, shortly after the accident, and assigned the incident a case number.[12]  The letter did not state a sum certain for

---

[4] R. Doc. 1 at 2.
[5] *Id.* at 1-5.
[6] R. Doc. 11.
[7] R. Doc. 11-1 at 2.
[8] *Id.*  Lennix is the tort claims and collections specialist for the USPS's Louisiana district.  *Id.*
[9] *Id.* at 3.
[10] *Id.*
[11] *Id.* at 2.
[12] *Id.*

Spriggs's claimed damages.[13]  On April 13, 2022, in response to the letter and long before the March 23, 2023 fax, Lennix had sent Spriggs's counsel instructions for properly submitting an FTCA claim.[14]  The USPS asserts that it received no further communication from Spriggs's counsel.[15]  Kimberly A. Herbst, the USPS's tort program and adjudication manager, also searched the records of the USPS's law department and did not find any administrative claim for the incident in question.[16]  Accordingly, the Government argues that this case must be dismissed, with prejudice, for failure to exhaust administrative remedies because there is no evidence that the USPS ever received adequate notification of Spriggs's FTCA claim, and the two-year statute of limitations for presentment to the agency has expired.[17]

In opposition, Spriggs argues that the "successful" fax transmission sent on March 23, 2023, is sufficient evidence that the USPS received his SF-95 and supporting documentation.[18]  He points out that the Government has not shown that the fax transmission did not occur, that the USPS was unable to receive fax transmissions at the relevant time, that the fax number used was inaccurate, that the fax machine was not functioning, or that the USPS's employees did not have access to the machine.[19]

The Government replies, again urging that Spriggs has not demonstrated that the USPS received his administrative claim.[20]  It also argues that, even if Spriggs's "successful" fax transmission were to create a presumption of receipt, which the Government insists it does not for

---

[13] *Id.*
[14] *Id.*
[15] *Id.* at 3.
[16] *Id.*
[17] *Id.* at 4-12.
[18] R. Doc. 12 at 1-7.
[19] *Id.* at 5.  Spriggs references the use of fax transmissions by Louisiana state courts. *Id.* at 5-6.  However, Louisiana civil procedure is irrelevant in the context of this FTCA claim, in which the procedure is governed by federal law.  *See, e.g., Lee v. United States*, 765 F.3d 521, 523 (5th Cir. 2014) (stating that state substantive law applies to FTCA claims, but the procedure for such cases is governed by federal law).
[20] R. Doc. 13 at 1.

purposes of an FTCA claim, the effect of any such presumption would be only to shift the burden of persuasion to the Government, and says the Government, it has overcome any such hypothetical burden by submitting the declarations of Lennix and Herbst stating that the USPS has no record of having received the fax.[21] Further, the Government observes that any issue regarding receipt could have been avoided had Spriggs's counsel followed up with the USPS within the two-year limitations period.[22]

### III.  LAW & ANALYSIS

#### A.  Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject-matter jurisdiction. "[A] claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quotation omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 235 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

---

[21] *Id.* at 1-4.
[22] *Id.* at 4.

4

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). And, if a court dismisses pursuant to Rule 12(b)(1), it must do so without prejudice. *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456-57 (5th Cir. 2013) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it. Our precedent does not sanction the practice ...."); *see also OnPath Fed. Credit Union v. U.S. Dep't of Treasury, Cmty. Dev. Fin. Insts. Fund*, 2020 WL 5749166, at *2 (E.D. La. Sept. 25, 2020).

### B. Sovereign Immunity and the Federal Tort Claims Act

It is well settled that, without its consent, the United States as sovereign is immune from suit. *Moore v. Soc. Sec. Admin.*, 2020 WL 6552481, at *2 (W.D. La. Jan. 22, 2020) (citing *Creel v. United States*, 598 F.3d 210, 213 (5th Cir. 2010)), *adopted*, 2020 WL 6551238 (W.D. La. Nov. 6, 2020). This immunity extends to federal agencies, departments, and officers and employees sued in their official capacities, as well. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). "Because sovereign immunity is jurisdictional in nature, 'Congress's waiver of [it] must be unequivocally expressed in statutory text and will not be implied.'" *Vance v. U.S. Dep't of Lab.*, 813 F. App'x 984, 984 (5th Cir. 2020) (alterations omitted) (quoting *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009)).

"Though sovereign immunity typically bars claims against the United States, the [FTCA] provides a limited waiver of sovereign immunity for torts." *Moore*, 2020 WL 6552481, at *3. Under the FTCA, federal district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government

while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  An FTCA tort suit cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  Alternatively, if the agency fails to respond to the claim within six months of receipt, a claimant can treat the failure to act as a final denial of the claim by the agency.  *Id.*  A claim is "presented" when the federal agency receives from the claimant: (1) "an executed [SF-95] or other written notification of an incident," (2) "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident," and (3) "the title or legal capacity of the person signing … accompanied by evidence of [the signer's] authority to present a claim on behalf of the claimant."  28 C.F.R. § 14.2(a).  Affirmative evidence of the agency's actual receipt of the claim is required; evidence of the claimant's transmission of the claim is insufficient.  *Barber v. United States*, 642 F. App'x 411, 414 (5th Cir. 2016); *Bailes v. United States*, 988 F.2d 1209, 1993 WL 82030, at *1 (5th Cir. Mar. 11, 1993).  The FTCA's statute of limitations forever bars any claim not presented to the proper federal agency "within two years after [the] claim accrues."  28 U.S.C. § 2401(b).

This Court lacks subject-matter jurisdiction over Spriggs's FTCA claim because he has presented no affirmative evidence that the USPS ever actually received his SF-95 or other written notification of the incident stating a sum certain for his loss.[23]  In *Barber*, the Fifth Circuit held

---

[23] The USPS's receipt of his attorney's letter of representation is insufficient because it did not state a sum certain for the damages related to the incident.  *See Progressive Cnty. Mut. Ins. Co. v. U.S. Customs & Border Prot.*, 2023 WL 9105545, at *6 (W.D. Tex. Nov. 17, 2023) (observing that the court was unable to find, and plaintiff did not cite, any cases "authorizing agencies to liberally interpret a communication from a potential claimant as a 'claim' when that communication neither purports to be a claim nor requests a sum certain").

that evidence of the plaintiff's attorney having mailed the SF-95 to the appropriate federal agency did not constitute proof of actual receipt by the agency, especially when the Government presented declarations detailing the agency's process for tracking incoming mail and attesting that the agency's employees were unable to find any indication that the agency received the plaintiff's claim. *Barber*, 642 F. App'x at 414.  The same holds true for a fax transmission.  Proof that the plaintiff's representative "successfully" sent a fax transmission does not prove that the necessary documentation was actually received by the agency.  As it did in *Barber*, the Government here presents uncontested declarations from the agency's employees explaining how incoming faxes are handled and attesting that there is no record that the agency received the purported transmission.  *See Nelson v. Fed. Bureau of Prisons*, 2016 WL 146529, at *4 (S.D.W. Va. Jan. 12, 2016) (holding that an FTCA claim was not timely received by the federal agency when it was faxed after hours on the last day of the limitations period); *Wheeler v. United States*, 2013 WL 6048761, at *3 (W.D. Ark. Nov. 15, 2013) (holding that "faxing a plaintiff's claim documents to a particular fax number is not the same as confirmation of receipt" because it does not prove "that a representative of the appropriate federal agency actually received the fax" as "[t]he faxed documents could have dropped under the fax machine upon transmission, ended up in the wrong hands, or been sent to the wrong fax number"), *aff'd*, 571 F. App'x 504 (8th Cir. 2014).  Moreover, any issue with receipt could have been remedied if Spriggs's counsel had followed up with the USPS prior to the expiration of the statute-of-limitations period.  *See Wheeler*, 2013 WL 6048761, at *3.

In sum, because Spriggs cannot prove that the USPS actually received proper notice of his tort claim, this Court lacks subject-matter jurisdiction and dismissal without prejudice would typically follow under Rule 12(b)(1).  But dismissal is further warranted under Rule 12(b)(6) since

7

the two-year statute of limitations for presentment to the agency has expired and Spriggs has not offered any arguments as would demonstrate equitable tolling. As such, this case must be dismissed with prejudice. *See Gibson v. Smith*, 2016 WL 1531816, at *5 (S.D. Tex. Apr. 15, 2016).

IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Government's motion to dismiss (R. Doc. 11) is GRANTED, and this case is DISMISSED WITH PREJUDICE

New Orleans, Louisiana, this 22nd day of August, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE